UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TEYANA CHIN, *et al.*,

        Plaintiffs,

-against-

PLANET MOTOR CARS, INC., and
CAPITAL ONE AUTO FINANCE,

        Defendants,

CAPITAL ONE AUTO FINANCE,

        Cross-Claim Plaintiff,

-against-

PLANET MOTOR CARS, INC.,

        Cross-Claim Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-2746 (SLT) (VVP)

**TOWNES, United States District Judge:**

On May 31, 2012, Plaintiffs Teyana Chin and Owen Chin filed a complaint against Defendants Planet Motor Cars, Inc. ("Planet Motor Cars") and Capital One Auto Finance ("Capital One") alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, the New York General Business Law ("NY GBL") §§ 349 and 198-b, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, and a claim against Capital One under FTC Holder Rule, 16 C.F.R. § 433.2. (Compl., ECF No. 1.) Plaintiffs' claims arise from their purchase of a car in 2011 from Planet Motor Cars. Plaintiffs seek revocation of the vehicle purchase, a refund of the purchase price and all finance charges, damages, attorney's fees, and costs. (*Id.* at Count VII.)

On July 9, 2013, Capital One filed a cross-claim against Planet Motor Cars for allegedly breaching its contractual and implied obligations to defend and indemnify Capital One. (ECF No. 20.) Capital One seeks damages and attorney's fees. (*Id.*)

1

After Planet Motor Cars failed to respond to the Complaint and Capital One's cross-claim, Plaintiffs and Capital One each sought a Certificate of Default. (ECF Nos. 6, 29.) The default of Planet Motor Cars was entered on September 10, 2012, and January 27, 2014. (ECF Nos. 7, 47.) Plaintiffs and Capital One subsequently moved seeking default judgments against Planet Motor Cars under Federal Rule of Civil Procedure 55. (ECF Nos. 11, 50.) Plaintiffs have dismissed their claims, with prejudice, against Capital One (ECF No. 52); accordingly, the only claims that remain in this action are against Planet Motor Cars. The Court referred both motions seeking default judgment to Magistrate Judge Viktor V. Pohorelsky ("Judge Pohorelsky"). (ECF No. 53.)

On April 5, 2016, Judge Pohorelsky filed and served via ECF a Report and Recommendation ("R&R") recommending, under 28 U.S.C. § 636(b)(1)(B), that both motions seeking default judgment be granted. (ECF No. 71.) He recommended ruling that: (1) Plaintiffs' allegations established Planet Motor Cars' liability under NY GBL § 198-b, but not under NY GBL § 349 and the Magnuson-Moss Warranty Act; and (2) Capital One's allegations established Planet Motor Cars' liability for breach of contract for failure to defend and indemnify, but not for implied indemnity. The Judge also recommended entering default judgments against Planet Motor Cars in favor of (1) Plaintiffs for a total of $37,861.24 reflecting a refund of the purchase price of the car ($20,151.46), reimbursement of out-of-pocket expenses for repairs ($131.74), and reasonable attorney's fees and costs ($17,578.04); and (2) Capital One for a total of $31,305 reflecting reimbursement for the settlement that Capital One paid to Plaintiff ($8,500), and reasonable attorney's fees and costs ($22,805). On April 6, 2016, the R&R was also served by mail to Planet Motor Cars. (ECF Nos. 72, 73.) Written objections to the R&R were due within 14 days of service. 28 U.S.C. § 636(b)(1)(C). No objections have been filed.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however,

many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

Although not required to do so, this Court has reviewed Judge Pohorelsky's R&R for clear error on the face of the record. The Court finds no clear error and, therefore, adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1)(B).

## CONCLUSION

For the reasons stated above, Judge Pohorelsky's R&R dated April 5, 2016, recommending that Plaintiffs' and Capital One's motions seeking default judgment against Planet One Motors be granted (ECF Nos. 11, 50) is adopted in its entirety. Default judgments should be entered against Planet Motor Cars as follows: (1) In favor of Plaintiffs for a total of $37,861.24 reflecting a refund of the purchase price of the car ($20,151.46), reimbursement of out-of-pocket expenses for repairs ($131.74), and reasonable attorney's fees and costs ($17,578.04); and (2) In favor of Capital One for a total of $31,305 reflecting reimbursement for the settlement that Capital One paid to Plaintiff ($8,500), and reasonable attorney's fees and costs ($22,805).

SO ORDERED.

_____
SANDRA L. TOWNES
United States District Judge

Dated: July 28, 2016
Brooklyn, New York